IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**EVELYNE S. WEATHERFORD**                                                                                  **PLAINTIFF**

**V.**                                        **CASE NO.  3:09CV00071 JMM**

**ARKANSAS STATE UNIVERSITY**                                                              **DEFENDANT**

**ORDER**

Pending before the Court is defendant's Third Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), and (6), and plaintiff's response.  For the reasons stated below defendant's motion is granted (#26).

Plaintiff claims that defendant discriminated against her in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*("Title VII"), based upon her gender when it terminated her employment and when it retaliated against her for informing her supervisor that he would held "accountable for his treatment of [plaintiff], *i.e*. defamation of character due to recent disability caused by accident while [she] was employed" by defendant.  Plaintiff contends that defendant took these actions because(1) she was disabled; (2); her male counterpart was paid approximately $10,000 a year more than plaintiff  when they were both assistant directors; and (3) after she was promoted to director, she was "bullied" into paying her male assistant director more than she had been paid while she was in that position.

Plaintiff's response to the pending motion indicates that she is also bringing a disability claim and a retaliation claim pursuant to the Americans with Disabilities Act ("ADA") and unequal

1

pay claims pursuant to the Equal Pay Act of 1963 ("EPA"). For relief, plaintiff seeks "reinstatement to her past job or job grade equivalent with back pay."

Defendant contends that (1) it is entitled to absolute immunity from plaintiff's claims based upon her alleged disability and defamation; (2) plaintiff's claims are barred by the applicable statutes of limitations; and (3) plaintiff complaint and amended complaint fail to allege sufficient facts to allow her to proceed on any of her claims.

When analyzing a motion to dismiss, the Court assumes all "factual allegations in the compliant are true. But 'the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.'" *Grand River Enterprises Six Nations, Ltd. v. Beebe*, 574 F.3d 929, 935 (8th Cir. 2009) (citations omitted). Moreover to survive a Rule 12(b)(6) motion to dismiss, the facts alleged in the complaint " 'must be enough to raise a right to relief above the speculative level' and must 'state a claim to relief that is plausible on its face.' " *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 569,127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

Plaintiff's claims based upon her alleged disability brought pursuant to Title I of the ADA are dismissed as they are barred by the Eleventh Amendment, and neither the state or Title I of the ADA has waived or abrogated this immunity to suit in federal court. *See Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against Arkansas State University for any kind of relief); *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (reversing and holding that states are immune from Title I claims brought under the ADA); Ark. Code Ann § 16-123-104 (2009)

(Arkansas Civil Rights Act does not waive the state's sovereign immunity).[1]

To the extent that plaintiff is bringing a claim based upon defamation of character, it is also dismissed as it barred by the Arkansas Constitution. *See* Article 5 Section 20 of the Arkansas Constitution ("[t]he State of Arkansas shall never be made defendant in any of her courts.").

The Court must assume as true plaintiff's allegations that the complained of actions occurred on April 3, 2008. This being the case, the remaining Title VII and EPA claims would be timely filed with the exception of plaintiff's EPA claim that she was paid less than her male counterpart when she held the assistant director position. When plaintiff was promoted, the 180 day period to file an EEOC charge based upon the assistant directors's alleged pay discrepancy would have begun to run. Plaintiff has failed to allege any facts regarding the time frame of this claim which would establish without speculation that she timely filed an EEOC charge on this claim.

Moreover, plaintiff's allegation that discrimination is still being committed is not relevant because plaintiff alleges that she has been terminated from employment by defendant which would preclude defendant from further discriminating against her under Title VII or the EPA.

Plaintiff's gender claim appears to be made both pursuant to Title VII and the EPA, and is

---

[1] An employee may seek prospective relief under the ADA against an appropriate state official, but not against the state (or state agency) itself. *See Seminole Tribe v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (holding that states sued in their own names have Eleventh Amendment immunity, regardless of relief sought, unless immunity has been waived or validly abrogated by Congress). Here, plaintiff only seeks relief against a state agency.

based upon unequal pay for equal work.[2]  Under either Title VII or the EPA, plaintiff must allege sufficient facts to establish a *prima facie* case that an employer paid different wages to men and women performing equal work.  *Brown v. Fred's, Inc.*, 494 F.3d 736, 740 (8th Cir. 2007); *Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003) (Title VII claim related to unequal pay is governed by the standards of EPA).  "Under the EPA, a plaintiff must establish a *prima facie* case by 'show[ing] that the defendant paid male workers more than she was paid for equal work in jobs that required equal skill, effort, and responsibility and work performed under similar conditions.'" *Id.* (citing *Buettner v. Arch Coal Sales Co., Inc.*, 216 F.3d 707, 719 (8th Cir. 2000)).

      Plaintiff alleges that while she was an assistant director, her male counterpart made $10,000.00 more a year than she was paid and that after she was promoted to director, she was "bullied" into paying her male assistant $8,000.00 more than she had been paid while she was in that position.  Plaintiff has failed to allege any facts reflecting that her male counterpart's job when she was an assistant director was substantially similar to hers in duties, responsibilities, or length of employment.   Moreover, as argued by defendant, it was plaintiff who made the decision to pay her assistant more than plaintiff was paid while she held the assistant director position.  Plaintiff's conclusory allegation that she was "bullied" into paying her assistant more is unsupported by any facts.  Plaintiff's claims based upon gender are dismissed.

      Plaintiff also makes a retaliation claim pursuant to Title VII based upon defamation and disability.  "To establish a *prima facie* case of retaliation under Title VII . . . a plaintiff must show that [s]he engaged in statutorily protected conduct, that defendants took an adverse

---

[2]Plaintiff has made no factual allegations that would support a Title VII claim that her employment was terminated based solely upon her gender.

employment action against h[er], and that there was a causal link between the two actions." *McCullough v. Univ. of Ark. for Med. Scis.*, 559 F.3d 855, 865 (8th Cir. 2009).

Title VII makes it unlawful for an employer to retaliate by discriminating against an employee for opposing any practice made unlawful by Title VII, or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII. *See* 42 U.S.C. § 2000e-3.

Plaintiff alleges she was retaliated against for telling her supervisor that he would be held accountable for defaming plaintiff's character and for discriminating against her based upon her disability. While plaintiff's defamation claim may be viable under state law it is not a protected activity under Title VII.

Plaintiff's allegation that she complained to her supervisor that he was discriminating against her based upon her alleged disability would be considered a protected activity and she has alleged that she was terminated, but plaintiff has made no factual allegations regarding the causal link between these two actions.

Plaintiff's claims are dismissed based upon lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to state a claim. Judgment will be entered accordingly.

IT IS SO ORDERED this  2  day of   December  , 2009.

_____
James M. Moody
United States District Judge